IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2008

## STATE OF TENNESSEE v. DAVID PUGH

**Direct Appeal from the Circuit Court for Hardeman County**
**Nos. 06-01-0233, 0293, 0310     J. Weber McCraw, Judge**

---

**No. W2008-00166-CCA-R3-CD  - Filed October 10, 2008**

---

The defendant, David Pugh, appeals the order of the Hardeman County Circuit Court revoking his probation.  The defendant entered guilty pleas, in three separate cases, to four counts of delivery of a Schedule II controlled substance (Class B felonies) and one count of possession of contraband in a penal institution (Class C felony).  He was subsequently sentenced to an effective sixteen-year sentence, which was to be served on probation following service of six hundred days in jail.  Following his release to supervised probation, a violation warrant was filed in the three cases alleging numerous violations of the terms of the defendant's probation.  Following a hearing, the defendant's probation was revoked, resulting in the reinstatement of his original sentences, which the trial court ordered to be served in confinement.  On appeal, the defendant argues that the court erred in revoking his probation.  Finding no abuse of discretion, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ., joined.

Gary Antrican, District Public Defender, and Shana C. Johnson, Senior Assistant Public Defender, for the appellant, David Pugh.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; C. Michael Dunavant, District Attorney General; and Joe L. VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

The defendant's suspended sentences, which are the subject of this appeal, resulted from his guilty pleas in three separate cases.  In November 2006, the defendant pled as follows: (1) in case

number 06-01-0233, to three counts of delivery of Schedule II cocaine; (2) in case number 06-01-0293, to one count of delivery of Schedule II cocaine; and (3) in case number 06-01-0310, to one count of possession of contraband in a penal institution. He subsequently received an effective sixteen-year sentence, which was to be suspended after service of six hundred days in jail.[1] After serving the period of incarceration, the defendant was transferred to supervised probation in April 2007.

On October 26, 2007, a probation violation warrant was issued in each case, alleging multiple violations of probation, including that the defendant had violated the terms of his probation by: (1) being arrested on September 20, 2007, for possession of a controlled substance with intent to manufacture, sell, or deliver; (2) failing to pay imposed fines and court costs, which were to be paid at a rate of $150 per month beginning on October 1, 2007; and (3) failing to provide a biological specimen for the purpose of DNA analysis.

A revocation hearing was subsequently held at which only the defendant and his probation officer, Ms. Hall, testified. Hall testified that she filed the violation report after the defendant's arrest on September 20, for being in possession of a controlled substance, but she acknowledged that the case was still pending in the general sessions court. She also testified that the defendant had made no payments toward his court fines and costs and that he had failed to provide a specimen for DNA analysis. On cross-examination, Hall testified that she had no problems with the defendant prior to his new arrest and that she was aware that his SSI disability check had been stopped during his incarceration. With regard to the DNA sample, she testified that the samples were usually given at the health department and that the staff would "work with people" in order to help them acquire the required identification, usually only requiring a social security card and one photo identification.

The defendant testified at the hearing, but he elected not to present testimony with regard to his pending drug charge. He acknowledged that he had, in fact, made no payments toward his fines and costs but stated that he had been arrested on the new charge prior to the due date of first payment, October 1. He testified that he had only received one SSI check prior to his re-arrest,

---

[1] We note that the record before us is somewhat ambiguous with regard to the actual sentences imposed. We have before us only the probation order, which refers to a sentence of sixteen years, as no judgments of conviction are included in the record. The probation order notes, as a special condition, the following with regard to the sentences imposed:

> $2,000 fine on each docket. 8 years each count, suspended after service of 300 days (concurrent with each other) in 0233, 1 year, suspended after service of 300 days in 0293 (consecutive with 0233) and 1 year in 0310. Fines and costs are to be paid at the rate of $150 per month beginning 10-1-07. Suspended after service of 300 days with credit for 179 days. Service of 300 days in 0233 and 0293 are concurrent but probation sentences are consecutive.

A reading of this condition is not at all helpful in determining the sentences imposed as it is somewhat ambiguous, especially with regard to whether the defendant was to serve three hundred or six hundred days in jail, because it is unclear if the terms are consecutive or concurrent. While the defendant, in his appellate brief, did include copies of the judgments of conviction, we are unable to consider those as they were not made part of the official record of this court.

which again stopped his SSI disability check. The defendant admitted to the court that he had been a drug addict for "some years" and asked the court to order drug rehabilitation.

After hearing the evidence presented, the trial court found that the defendant had violated the terms and conditions of his probation. The court specifically found that:

> . . . [the defendant] does have his presumption of innocence with regard to the new charges, although the Court notes he has obtained new charges. With regard to the nonpayment, the Court has heard testimony that he is disabled because of a gunshot to the head so the Court understands he might not be able to make those full payments although, as I understand it, no payments whatsoever have been made. Lastly, the Court looks at the DNA, failure to take it, which is typically not of great concern to the Court, but all this shows a pattern of noncompliance by the defendant, that he chooses not to abide by the rules of probation in something just as simple as going and doing the DNA test he's refused to do or failed to do.

Based upon its findings, the court revoked the defendant's probation and ordered that his effective sixteen-year sentence be served in the Department of Correction where he could "best get any drug rehab treatment he needs." This timely appeal followed.

**Analysis**

On appeal, the defendant asserts that the trial court erred in revoking his probation. He contends that "the Trial Court abused its discretion in this cause when the record lacks any proof to support a finding that [the defendant] was ordered to make payments prior to October 1, 2007 . . . or that [the defendant's] failure to submit to DNA analysis showed a pattern of noncompliance with the rules of probation."

A trial court may revoke probation and order imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-310, -311 (2006); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A. § 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82.

From a reading of the trial court's findings, it is apparent that the only ground relied upon to support the revocation was the defendant's failure to submit to DNA testing. The court correctly determined that it could not rely upon the new arrest as the defendant had not yet been convicted and as no evidence was presented at the hearing to support the new charge. Although expressing concern that no payments had been made, the court chose not to rely upon that ground to revoke the defendant's probation because of the proof presented regarding the stopping of the defendant's SSI check and the fact that he was arrested again prior to the due date of the first payment. Contrary to the defendant's contention, the court made no finding of willful nonpayment with regard to the October 1 payment. As the court did not rely upon this ground, we do not address the defendant's argument, but we note that the record is clear that the payment due on October 1 was not paid.

With regard to the defendant's failure to submit to DNA testing, the defendant argues that:

> . . . there is nothing in the record that shows [the defendant] was given a time period in which to have this test done. The probation officer only testified that it could be done at "the local health department, they need a birth certificate . . . Or one picture ID and social security card." No evidence was presented that [the defendant] had a birth certificate, a picture ID, a social security card or that he even received the initial probation documents telling him about the necessity of DNA analysis. The probation officer testified "he should have got that" but presented no evidence that he had.

Nowhere in the defendant's argument does he contest the fact that he did not submit the sample.

This court had previously held that "[o]nly one basis for revocation is necessary." *State v. Alonzo Chatman*, No. E2000-03123-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 5, 2001). The initial probation order in this case required the defendant to submit a DNA sample for analysis. The defendant's probation officer testified at the hearing that the defendant had failed to do so. While the defendant did not testify at the hearing regarding the DNA sample, on appeal, he essentially concedes the violation as he does not contest that he failed to submit a DNA sample but, rather, only offers excuses as to why he did not do so. This court has previously held that the failure to submit DNA analysis is a sufficient ground for revocation. *State v. David W. Sonnemaker*, No. E2003-01402-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Mar. 12, 2004).

Following review, we conclude that the defendant has failed to establish that the trial court did not exercise a conscientious and intelligent judgment in determining that the defendant had failed to adhere to the requirements of his probation, specifically his failure to submit a DNA sample. Upon finding that any violation occurred, the trial court was authorized to revoke the defendant's probation. *See* T.C.A. § 40-35-311(d). Thus, we find no abuse of discretion in the trial court's decision.

**CONCLUSION**

Based upon the foregoing, the revocation of probation is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE